IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Desma Darden**, <br><br> Plaintiff, <br><br> v. <br><br> **Klein Independent School District**; and <br> **Nicole Patin,** <br> *in their her individual capacity;* <br> and <br> **Deedra Davis,** <br> *in their her individual capacity*; <br><br> Defendants. | CAFN: <br><br><br><br><br><br> COMPLAINT FOR DAMAGE |

COMES NOW, Plaintiff Desma Darden (hereinafter "Plaintiff or Ms. Darden"), by and through the undersigned counsel, and hereby files this Complaint against Klein Independent School District (hereinafter "Defendant Klein ISD," "Klein ISD," or the "District"), Nicole Patin, in her individual capacity (hereinafter "Defendant Patin") Deedra Davis, in her individual capacity (hereinafter "Defendant Davis") for Defendants' violations of her rights under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681, et seq., and First Amendment under the United States Constitution.

## JURISDICTION AND VENUE

1.

This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and § 1343(4) over Plaintiff's claims under the U.S. Constitution, which are brought both directly under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §1681, et seq. and 42 U.S.C. § 1983.

2.

This Court has personal jurisdiction over all Defendants because the individual defendants reside in Texas, and the Defendant Klein Independent School District because, upon information and belief, it is a public school district located in and organized under the laws of Texas with its principal place of business in Klein, Texas, which is in the Southern District of Texas.

3.

Venue is proper in this District under 28 U.S.C § 1391(b)(1)(2). All of the events giving rise to this Complaint occurred within this District.

## **PARTIES**

4.

Plaintiff Desma Darden is a resident of Harris County, Texas, a former employee with the Klein ISD.

5.

Defendant Nicole Patin, in her individual capacity, Principal at Klein Cain High School for 2022 - 2023 school year.

6.

Deedra Davis, in her individual capacity, Klein ISD Executive Director of Human Resources Service for 2022 - 2023 school year.

8.

Defendant Klein Independent School District is a public school district organized under the laws of the State of Texas with its principal place of business in Klein, Texas. It is a recipient of federal funds within the meaning of 20 U.S.C. §1681, et seq.

## **FACTUAL ALLEGATIONS**

9.

On February 17, 2023, Plaintiff Desma Darden (herein after, "Plaintiff or Ms. Darden"), then a special education and inclusion teacher at Klein Cain High School for the Klein Independent School District (herein after, "Klein ISD"), reported to the Harris County Sheriff's Office ("HCSO") that her 17-year-old daughter had been subjected to human trafficking and prostitution by an individual name Roger McGehee (hereinafter, "McGehee") and his mother Kedria Grigsby (hereinafter, "Grisby").[1]



Roger McGehee                Kedria Grigsby

---

[1] Roger Magee was arrested in November 2022 on one charge of Trafficking of Children. Since then, Magee has been charged with additional offenses of child trafficking and Compelling Prostitution charges.

10.

The Plaintiff also reported to HCSO that Grigsby was a cosmetology teacher at Klein Cain High School in the Klein ISD.

11.

On February 21, 2023, the Plaintiff met with Deedra Davis ("Defendant Davis"), Klein ISD Executive Director of Employee Relations & Development and Carrie Elvé ("Ms. Elvé"), Klein ISD Director of Employee Relations.

12.

In that meeting, the Plaintiff reported to Defendant Davis and Ms. Elvé that her 17-year-old daughter had been subjected to human trafficking and prostitution by McGehee and that McGehee's mother Grisby had aided in the prostitution of a minimum of eight minors to include her daughter.

13.

Notably, the Plaintiff informed Defendant Davis and Ms. Elvé that Grisby was a cosmetology teacher at same school Plaintiff was a special education and inclusion teacher at Klein Cain High School in the Klein ISD. The Plaintiff provided a witness statement to Defendant Davis and Ms. Elvé (See Exhibit A).

13.

In the same meeting, the Plaintiff informed Defendant Davis and Ms. Elvé that she had already notified to HCSO that her 17-year-old daughter had been

subjected to human trafficking and prostitution by McGehee and Grigsby. Ms. Elvé told the Plaintiff that she would be coming to Klein Cain High School the next day on February 22, 2023, to launch an investigation surrounded the Plaintiff's allegation.

13.

On February 22, 2023, as the Plaintiff was arrived at Klein Cain High School, the Plaintiff observed Ms. Elvé also arriving at Klein Cain High School to notified Klein Cain High School's Administrator/ Principal Defendant Nicole Patin of the complaint made by the Plaintiff. The Plaintiff emailed Ms. Elvé the HCSO's report number surrounding the allegation of human trafficking. (See Exhibit B).

14.

Defendant Nicole Patin was the Plaintiff's head supervisor at Klein Cain High School.

15.

Notably, on the same day, the Plaintiff's 17-year-old daughter was contacted by Grigsby during school hours. Grisby told the Plaintiff's daughter "I know your momma went and filed a complaint on me, she fucked up, she is going to get fired."

16.

On March 20, 2023, the Plaintiff was presented with the option from Defendants Patin and Davis, to resigned in lieu of termination by the KISD School Board or be terminated.

17.

Both Defendants Patin and Davis had the authority to take an adverse employment action against the Plaintiff.

18.

Notably, the Plaintiff had already entered her new employment contract with KISD for the 2023 – 2024 school year.

19.

The Plaintiff opted to resigned in lieu of termination at the end of the school year on June 1, 2023, because she did not want Defendant Patin to flag her teachers' certification for a termination of her employment that could possibly have a negative impact on future employment opportunities.

20.

Notably, the Plaintiff performed her exact same job duties prior to her forced resignation.

21.

On June 1, 2023, the Plaintiff 's employment terminated with the KISD.

22.

On April 8, 2025, Grisby was arrested in November 2022 on one 3 counts of Trafficking of Child and 3 counts of Compelling Prostitution of juveniles. (See Exhibit C).

23.

Notably, Grisby was not placed on administrative leave until after she was arrested in November 2022.

24.

As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff was substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, loss wages, emotional distress, significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration and sleeplessness. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

VIOLATIONS OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 ("TITLE IX"), 20 U.S.C. §1681, ET SEQ.,
(Against All Defendants)

25.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint.

provides in pertinent part:

"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 and its implementing regulation 34 C.F.R Part 106 prohibit discrimination based on sex and prohibit retaliation against any individual who has made a complaint, testified, or participated in any manner in an investigation into alleged noncompliance with Title IX. See 34 C.F.R. § 100.7(e).

26.

At all times relevant hereto, Defendant Klein Independent School District is a public school district organized under the laws of the State of Texas with its principal place of business in Klein, Texas. It is a recipient of federal funds within the meaning of 20 U.S.C. §1681, et seq.

27.

At all times relevant hereto, Plaintiff in this action was an employee with the KISD.

28.

On February 21, 2023, the Plaintiff engaged in protected activity as defined in Title IX, when she filed a written and verbal complaint that her 17-year-old daughter had been subjected to human trafficking and prostitution by McGehee and that McGehee's mother Grisby had aided in the prostitution of a minimum of eight minors to include her daughter.

29.

On March 20, 2023, the Defendants retaliated against the Plaintiff as defined in Title IX, by presenting the Plaintiff with the option to resigned in lieu of termination by the KISD School Board or termination.

30.

The Plaintiff suffered an adverse employment action when her employment was terminated on June 1, 2023.

31.

The Defendants was aware that the Plaintiff engaged in protected activity as defined in Title IX at the time the Defendants retaliated against the Plaintiff.

32.

Defendants willfully, maliciously, in bad faith, and in reckless disregard, violated the Plaintiff's protected rights under Title IX. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe emotional injuries.

33.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

34.

These individual Defendants acted in concert and joint action with each other.

35.

The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her rights and caused her other damages.

36.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may

continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

## SECOND CLAIM FOR RELIEF
FIRST AMENDMENT VIOLATION
42 U.S.C. § 1983
(Against Defendants Patin and Davis)

37.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 24 of this Complaint Amendments.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

38.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees for KISD and their acts or omissions were conducted within the scope of their official duties or employment.

39.

On February 21, 2023, the Plaintiff met with Defendant Davis, and Carrie Ms. Elvé and reported to them that her 17-year-old daughter had been subjected to human trafficking by McGehee and that McGehee's mother Grisby had aided in the prostitution of a minimum of eight minors to include her daughter. Notably, the Plaintiff informed Defendant Davis and Ms. Elvé that Grisby was a cosmetology teacher at same school Plaintiff was a special education and inclusion teacher at Klein Cain High School in the Klein ISD.

40.

The Plaintiff report to the HCSO on February 17, 2021, and Plaintiff's written and verbal complaint on February 21, 2023, to Defendant Davis, and Carrie Ms. Elvé, involved a matter of public concern.

41.

The Defendants retaliated against Plaintiff in response to the Plaintiff reporting to the Harris County Sheriff's Office ("HCSO") that her 17-year-old daughter had been subjected to human trafficking by an individual name Roger McGehee and his mother Kedria Grigsby.

42.

The Defendants retaliated against Plaintiff in response to the Plaintiff's written and verbal complaint on February 21, 2023.

43.

The Plaintiff suffered an adverse employment action on March 20, 2023, when she was presented with the option from Defendants Patin and Davis, to resigned in lieu of termination by the KISD School Board or be terminated.

44.

The Plaintiff suffered an adverse employment action on June 1, 2023, when she was terminated.

45.

Defendants' retaliation against Plaintiff, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The Defendants' actions shocked the conscience and violated the Plaintiff's First Amendments rights.

46.

Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights. They did so with shocking and willful indifference to

Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

47.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

48.

These individual Defendants acted in concert and joint action with each other.

49.

The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused him other damages.

50.

These individual Defendants are not entitled to qualified immunity for their actions.

51.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may

continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

52.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.§1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by an enlightened jury:

B. Economic losses on all claims allowed by law;

C. Special damages in an amount to be determined at trial;

D. Punitive damages on all claims allowed by law against all Defendants and in an amount in to be determined by an enlightened jury:

E. Attorneys' fees and the costs associated with this action under 42 U.S.C § 1988 and 1983, including expert witness fees, on all claims allowed by law;

F. Pre-and post-judgment interest at the lawful rate; and,

G. Any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 21st day of February 2025

By: /s/ Harry M. Daniels
Harry M. Daniels
(Pro Hac Vice Pending)
Email: daniels@harrymdaniels.com

THE LAW OFFICES OF HARRY M. DANIELS, LLC

4751 Best Road Suite 490 Atlanta, GA 30337
Tel. (678) 664-8529
Fax. (800) 867-5248

By: /s/ Bernarda Villalona
Bernarda Villalona
(Pro Hac Vice Pending)
Email: Bernarda@VillalonaLaw.com

VILLALONA LAW, PLLC

300 Cadman Plaza West
12th Floor Brooklyn, New York 11201
Tel. (833) 845 – 5256

By:  /s/ Sue-Ann Robinson
    Sue-Ann Robinson
    (Pro Hac Vice Pending)
    Email: sueann@bencrump.com

BEN CRUMP LAW, PLLC

614 S. Federal Highway
Fort Lauderdale, FL 33301
Tel. (754) 801-0897

By:  /s/Ali Shamrez
    Ali Shamrez
    Texas Bar No.: 24094505
    Email: firm@aliinjurylaw.com

ALI LAW GROUP, PLLC

3303 Oakwell Ct
San Antonio, Texas 78230
Tel. (210)667-2920