IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DESMA DARDEN,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-00784** |
| | § | |
| **KLEIN INDEPENDENT SCHOOL** | § | |
| **DISTRICT, NICOLE PATIN, in her** | § | |
| **individual capacity, and DEEDRA DAVIS,** | § | |
| **in her individual capacity,** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants Klein Independent School District ("KISD" or "the District"), Nicole Patin in her individual capacity, and Deedra Davis in her individual capacity, file their Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 14) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Introduction

This case arises out of Plaintiff Desma Darden's ("Darden") claim that while working as a teacher at KISD's Klein Cain High School ("KCHS") in February 2023, she made a report to Deedra Davis, KISD's Executive Director of Employee Relations & Development, and Carrie Elvé, KISD's Director of Employee Relations, that her daughter was being trafficked for prostitution by Kedria Grigsby ("Grigsby"), who at the time was a KCHS teacher, and Grigsby's adult son Roger McGehee ("McGehee"). Darden claims that about a month after her, Davis and Nicole Patin, KCHS's Principal, met with her and presented her with the option to resign in lieu

of termination by KISD's Board of Trustees, or be terminated, and that she chose to resign effective June 1, 2023.

Based on these allegations, Darden brings a retaliation claim against all Defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, and a First Amendment retaliation claim (via 42 U.S.C. Section 1983) against Davis and Patin in their individual capacities. Darden's claims should be dismissed for the reasons set forth below.

### Pertinent Facts as Alleged by Darden

Darden pleads that on February 21, 2023, she met with Davis and Elvé and reported that her daughter was being trafficked for prostitution by Grigsby and Grigsby's adult son, McGehee. Dkt. 14, ¶¶ 10-11. On March 20, 2023, Darden claims she "was presented with the option from Patin and Davis to resign in lieu of termination by KISD School Board or be terminated." *Id.*, ¶ 17. Darden opted to resign her employment in lieu of effective June 1, 2023, and that her employment ended June 1, 2023. *Id.*, ¶¶ 20 & 22.

### Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734-35 (5th Cir. 2019). "A complaint must include more than mere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action.'" *Kopp v. Klein*, 894 F.3d 214, 218-19 (2018) (quoting *Iqbal*, 556 U.S. at 678). Dismissal is also appropriate if an affirmative defense appears on the face of the complaint. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

## Argument and Authorities

**A.    *Darden Fails to Plead a Viable Title IX Retaliation Claim Against KISD.***

In order to plead a viable retaliation claim under Title IX, a plaintiff must sufficiently allege that: (1) she engaged in a Title IX protected activity; (2) she suffered a material adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Collins v. Jackson Pub. Sch. Dist.*, 609 F. App'x 792, 795 (5th Cir. 2015). Darden has not plead facts to demonstrate that she engaged in a Title IX protected activity or that a causal link exists between her alleged protected activity and her separation from KISD.

In order to bring a Title IX retaliation claim, a plaintiff must allege "retaliation suffered as a consequence of her participation in complaints and investigations *challenging alleged violations of Title IX*." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (emphasis added). In other words, Title IX retaliation claims only apply to claims of Title IX violations. *Id.* at 253-254. Title IX provides" "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" 20 U.S.C. § 1681(a).

Darden contends that her report to Davis and Elvé on February 21, 2023, wherein she allegedly informed them that "her daughter had been subjected to human trafficking and prostitution" constitutes the protected activity for her retaliation claim. However, Darden does not plead any facts regarding her daughter, much less plead that her daughter was denied the benefits of or subjected to discrimination under any education program or activity of KISD. *See generally* Dkt. 14. Accordingly, Darden fails to plead that she engaged in any Title IX protected activity by challenging any alleged violation of Title IX and her claim against KISD must be dismissed with prejudice for this reason alone.

Even if the Court finds that Darden engaged in conduct protected by Title IX, Darden also fails to plead facts demonstrating a causal link between the protected activity and her adverse employment action. *Collins*, 609 F. App'x at 795. Nowhere in her Complaint does Darden plead that KISD retaliated against her because of her report to Davis and Elvé. Dkt. 14, ¶¶ 26-32. At most, Darden pleads that after she made her report, Davis and Patin (to whom she did not make a report) "retaliated against [her] as defined by Title IX, by presenting [her] with the option to resign in lieu of termination by the KISD School Board or be terminated." *Id.*, ¶¶ 29-30. However, merely pleading that one event followed another is hardly sufficient to plead facts demonstrating causation.

In sum, Darden does not plead that she engaged in any protected activity by challenging any alleged violation of Title IX that served as the cause for her discharge and therefore, her claim against KISD must be dismissed with prejudice.

**B.     *Davis and Patin are not Proper Defendants Under Title IX.***

Darden brings a Title IX retaliation claim against "[a]ll Defendants[,]" which necessarily includes Davis and Patin in their individual capacities. Dkt. 14, ¶¶ 26-37. Courts have repeatedly held that a plaintiff cannot bring Title IX claims against an individual. "Title IX reaches institutions and programs that receive federal funds . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 259 (2009). "Liability under Title IX does not extend to school officials, teachers, and other individuals." *Plummer v. Univ. of Houston*, 860 F.3d 767, 777 n.12 (5th Cir. 2017), *as revised* (June 2017). Accordingly, Darden's Title IX claim against Davis and Patin must be dismissed.

**C.**    ***Darden Fails to Plead a Viable First Amendment Retaliation Claim Against the Individual Defendants.***

Darden contends that Davis and Patin retaliated against her by giving her the option to resign in lieu of termination by KISD's Board because she reported to the Harris County Sheriff's Office, and to Davis and Elvé, that her daughter had been subjected to trafficking. Dkt. 14, ¶¶ 42-43 & 45. Notably, Darden does not plead that she ever made a report to Patin. *See generally* Dkt. 14.

In order to establish a First Amendment retaliation claim in the employment context, a plaintiff must show: (1) she suffered an adverse employment action; (2) she spoke as a citizen on a matter of public concern; (3) her interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action. *See Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016). To show causation, Darden must plead facts demonstrating a causal connection between Davis and Patin's retaliatory animus and Darden's subsequent injury—the retaliatory motive must *cause* the injury. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (emphasis added); *see also Jones v. Hosemann*, 812 F. App'x 235, 239 (5th Cir. 2020) (stating that plaintiff "must plead that the individual defendants' 'animus against [his] exercise of First Amendment rights is a link in the causal chain that [led] to [his] firing'") (quoting *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir.2018).

Other than alleging that Davis knew of Darden's report and that Darden was discharged after her "speech," Darden alleges no facts to show that the decision or option presented to Darden to resign in lieu of discharge was made by Davis or Patin or that the decision was based on an alleged animus toward Darden's report. Knowledge of a fact is not synonymous with being impermissibly motivated by that fact. Simply because Davis reportedly knew of Darden's report, does not mean any actions or inactions were the result of the same. As for knowledge, Darden does

not plead that Patin knew of her report. Dkt. 14, ¶¶ 38-53. Furthermore, absent from Darden's allegations regarding Davis and Patin is any claim that Davis or Patin took any unauthorized action, or that they took any action, authorized or not, because of Darden's "speech." *Id*. While Darden contends "Patin and Davis had power to make a significant change in [her] employment status or at least make recommendations regarding such topics…" (*Id*., ¶ 18) she correctly acknowledges that it is KISD's Board of Trustees that has the actual power to terminate her employment—not Patin or Davis (*Id*., ¶¶ 17, 30, 44).

Darden's contract referenced within her Complaint (Dkt. 14, ¶ 19) confirms that only KISD's Board of Trustees, pursuant to Chapter 21 of the Texas Education Code, had the authority to terminate an employee's contract. *See* Tex. Educ. Code §§ 21.211, 21.258. Darden does not at any time plead that Davis and Patin had anything to do with the decision to offer resignation in lieu of termination or that they otherwise influenced KISD's Board of Trustees. *See generally* Dkt. 14. While non-final decision makers can be held liable for First Amendment retaliation, Darden must allege that Davis and Patin took some retaliatory act to influence the ultimate discharge decision. *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018). Darden has failed to do so. Accordingly, because Darden fails to allege sufficient facts to meet the causation element of her *prima facie* case or a plausible First Amendment retaliation claim against the Individual Defendants Davis and Patin her claims must be dismissed.

**D.    *The Individual Defendants are Entitled to Qualified Immunity from Darden's First Amendment Claim.***

Even if Darden's claims did not suffer from multiple pleading infirmities, they would still be barred by qualified immunity. Davis and Patin assert the defense of qualified immunity with respect to Darden's First Amendment retaliation claim. Qualified immunity is an affirmative defense that exists to shield government officials from liability "when their actions could

reasonably have been believed to be legal." *Morgan v. Swanson,* 659 F.3d 359, 370-31 (5th Cir. 2011). The defense is available to government officials who perform discretionary functions "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The standard serves to protect constitutional rights, while allowing government officials to effectively perform their duties. *Davis v. Scherer,* 468 U.S. 183, 195 (1984).

Although qualified immunity is an affirmative defense, the plaintiff bears the burden of negating qualified immunity once it has been properly raised by the defendant. *Collier v. Montgomery,* 569 F.3d 214, 217 (5th Cir. 2009). Courts apply a two-prong test to determine whether a plaintiff has met this burden: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right at issue was "clearly established" at the time of the misconduct, rendering the conduct objectively unreasonable. *Saucier v. Katz,* 533 U.S. 193, 201 (2001). This is a very difficult standard for plaintiffs to meet because qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

For there to be liability under Section 1983, a defendant must have been personally involved in the conduct causing a deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional right sought to be redressed. Darden has not demonstrated that Davis and Patin engaged in conduct that violated clearly established constitutional rights or that their actions were objectively unreasonable. In fact, Darden does not at any time plead that that Davis and Patin had anything to do with the decision to offer Darden an option to resign in lieu of termination or that they even set the Board's decision in motion or otherwise influenced it. *See generally* Dkt. 14. As shown above, Darden fails to plea a

viable First Amendment retaliation claim against Davis and Patin, and they are therefore entitled to qualified immunity.

## **Prayer**

Defendants request that their Motion to Dismiss pursuant to FRCP 12(b)(6) be granted, that Darden's claims against them be dismissed with prejudice, and that KISD be awarded its taxable court costs and any and all other relief to which it may be justly entitled.

Respectfully submitted,

SPALDING NICHOLS LAMP LANGLOIS

/s/  Paul A. Lamp
PAUL A. LAMP
State Bar No. 24002443
Federal I.D. 21711
plamp@snll-law.com
MELISSA M. GOINS
State Bar No. 24074671
Federal I.D. 2089537
mgoins@snll-law.com
3700 Buffalo Speedway, Suite 500
Houston, Texas 77098
Telephone: 713-993-7060
Facsimile: 888-726-8374

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred in good faith with opposing counsel, Harry Daniels, regarding the grounds set forth in this Motion to Dismiss and the relief requested in the Motion via email on May 27, 2025. After engaging in good faith discussions with opposing counsel, counsel could not reach resolution on any matters and opposing counsel is opposed to this Motion and the relief requested therein.

/s/ Paul A. Lamp
Counsel for Defendants

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this Motion to Dismiss complies with the page limit requirements in the Court's Procedures 5(e).

/s/ Paul A. Lamp
Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this the 27th day of May 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Harry M. Daniels, Jr.                        Shamrez Amin Ali
daniels@harrymdaniels.com                    ali@aliinjurylaw.com
The Law Offices of Harry M. Daniels          Ali Law Group, PLLC
4751 Best Road, Suite 490                    3303 Oakwell Court, Suite 110
Atlanta, Georgia 30337                       San Antonio, Texas 78218
Telephone: (687) 664-8529                    Telephone: (210) 667-2920
Facsimile: (800) 867-5248                    Facsimile: (210) 667-2910

/s/ Paul A. Lamp
Attorney for Defendants