UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DESMA DARDEN, | § | |
| Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-00784 |
| KLEIN INDEPENDENT SCHOOL DISTRICT, *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Dena H. Palermo's Memorandum and Recommendation filed on October 1, 2025 (Doc. #27) and Defendants Klein Independent School District ("KISD"), Nicole Patin ("Patin"), and Deedra Davis's ("Davis") (collectively, "Defendants") Objections filed on October 13, 2025 (Doc. #28). The findings and conclusions of a magistrate judge are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed Defendants' objections and the applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In this case, Plaintiff—a former teacher at KISD's Klein Cain High School ("KCHS")—alleges that KCHS cosmetology teacher Kendria Grigsby ("Grigsby") and Grigsby's adult son trafficked and prostituted minors, including Plaintiff's 17-year-old daughter. Doc. #14 ¶¶ 8–9. In February 2023, Plaintiff reported Grigsby's conduct to Davis (KISD's Executive Director of Employee Relations and Development). *Id.* ¶¶ 10–11. Less than a month later, Patin (KCHS's principal) and Davis presented Plaintiff with the option to resign from her job in lieu of termination

by the school board. *Id.* ¶¶ 17, 19. Plaintiff chose to resign and her employment with KISD ended on June 1, 2023. *Id.* ¶¶ 20, 22.

Plaintiff asserts Title IX claims against all Defendants, as well as a First Amendment retaliation claim against Patin and Davis. *Id.* ¶¶ 26–53. Defendants moved to dismiss all Plaintiff's claims. Doc. #16. Magistrate Judge Palermo recommended that Defendants' Motion to Dismiss should be granted in part and denied in part. Doc. #27. Specifically, Judge Palermo concluded that Plaintiff's Title IX claim against KISD and First Amendment claims against Patin and Davis should remain, while her Title IX claims against Patin and Davis should be dismissed. *Id.*

Defendants object to Judge Palermo's recommendation to deny Defendants' Motion to Dismiss as to the Title IX claim against KISD and the First Amendment claims against Patin and Davis. Doc. #28. First, Defendants argue that Judge Palermo[1] improperly relied on "nonexistent facts" to conclude Plaintiff sufficiently alleged a Title IX claim against KISD. *Id.* at 4. Defendants contend, for example, that Plaintiff does not "allege a teacher/student relationship between her daughter and Grigsby." *Id.* at 5. But because Defendants failed to raise their argument before Judge Palermo, this particular objection is forfeited. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). More generally, however, the Court agrees with Judge Palermo that Plaintiff's allegations adequately establish the requisite elements for her Title IX claim against KISD. Doc. #27 at 5–11.

---

[1] In their Objections, Defendants misidentify Judge Palmero as "Magistrate." Doc. #28 at 2. Calling a magistrate judge "magistrate" is akin to calling a district judge "district." The proper way to refer to a magistrate judge is "Judge." *Tyran S. v. Kijakazi*, No. 4:22-cv-1736, 2023 WL 6540852, at *1 n.2 (S.D. Tex. Oct. 6, 2023); *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 172 n.13 (5th Cir. 2011). Counsel is reminded to use the correct title when referring to Judge Palermo or any magistrate judge.

Second, Defendants likewise argue Judge Palermo relied "on manufactured facts that were not pled" to conclude that Plaintiff's First Amendment retaliation claims should remain. Doc. #28 at 8. Here, too, the Court agrees with Judge Palermo that Plaintiff has sufficiently established that "[her] speech motivated Patin and Davis's adverse employment action." Doc. #27 at 12–15. Furthermore, the Court concurs that at this stage in the proceedings, Patin and Davis "are not insulated by qualified immunity." *Id.* at 18. As such, Defendants objections to the Memorandum and Recommendation are overruled.

In conclusion, the Court adopts Magistrate Judge Palermo's Memorandum and Recommendation (Doc. #27) as its Order. Accordingly, Defendants' Motion to Dismiss (Doc. #16) is GRANTED IN PART AND DENIED IN PART, as follows: Plaintiff's Title IX claims against Patin and Davis are hereby DISMISSED WITH PREJUDICE. Plaintiff's Title IX claim against KISD and First Amendment retaliation claims against Patin and Davis remain pending.

It is so ORDERED.

NOV 0 6 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge